Randal M. Barnum     State Bar No. 111287
Jenna R. Avila        State Bar No. 307639
LAW OFFICES OF BARNUM & AVILA
279 East H Street
Benicia, CA  94510
Telephone:     707.745.3747
Facsimile:      707.745.4580
rbarnum@rmblaw.com
javila@rmblaw.com

Attorneys for Defendant SITE SAFE TRAFFIC
SAFETY AND SIGNS

## UNITED STATES DISTRICT COUT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD GILBERT, on behalf of the general public as private attorney general,<br><br>Plaintiff,<br><br>v.<br><br>SITE SAFE TRAFFIC SAFETY AND SIGNS., a California corporation, and DOES 1-50, inclusive,<br><br>Defendant. | CASE NO.<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441**<br><br>(Federal Question Jurisdiction) |

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLANTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. Sections 1331, 1441(a) and 1446, Defendant Site Safe Traffic Safety and Signs ("Defendant" or "Site Safe") hereby removes the above-entitled action from Sacramento County Superior Court to the United States District Court for the Eastern District of California.

### REMOVAL JURISDICTION

1.     On March 19, 2024, Plaintiff Todd Gilbert filed an unverified Complaint in Sacramento County Superior Court against Defendant entitled "PAGA Representative Action Complaint Pursuant to the Private Attorneys General Act (Labor Code §§ 2698 *et seq*)", Case

- 1 -

1  No. 24CV005341 (hereinafter "Complaint").

2       2.    Defendant was served with the Complaint on or about April 30, 2024.  A copy of

3  the Complaint and supporting papers is attached hereto as **Exhibit "A"**.  A copy of Defendant's

4  Answer to the PAGA Representative Action Complaint filed in the State Court and Notice to the

5  State Court of Removal is attached hereto as **Exhibit "B"**.  Because this Notice of Removal is

6  filed within thirty (30) days of service of the Complaint, removal is timely pursuant to 29 U.S.C.

7  Section 1446(b).

8       3.    As will be demonstrated below, the subject civil action necessarily arises under

9  Section 301 of the Labor Management Relations Act, 29 U.S.C. 185(a).  ("LMRA")  As such, it

10  is a case over which this Court has original jurisdiction under 28 U.S.C. Section 1331, and

11  removal is therefore appropriate under 28 U.S.C. Section 1441.

12       4.    At all relevant times, Defendant has been, and is, a corporation "in an industry

13  affecting commerce" within the meaning of the Labor Management Relations Act ("LMRA")

14  Sections 152(2), (6), (7), and 185(a).

15       5.    At all relevant times, The Laborers International Union of North America

16  (LIUNA) has been, and is a labor organization in which certain employees of Defendant

17  participate and which exists for the purpose of dealing with employees' grievances, labor

18  disputes, wages, rates of pay, hours of employment, and conditions of work.  At all relevant

19  times, LIUNA has been, and is, a labor organization within the meaning of Section 2(5) and

20  301(a) of the LMRA, 29 U.S.C. Sections 152(5) and 185(a).

21       6.    At all relevant times during their employment with Defendant, the employment of

22  LIUNA's members with Defendant (including the Plaintiff, as an individual and all employees

23  similarly situated) was specifically governed by a Collective Bargaining Agreement ("CBA")

24  entered into between Defendant and LIUNA.  A true and correct copy of the CBA is attached

25  hereto as **Exhibit "C."**  At all relevant times, this CBA has been and is a contract between an

26  employer and a labor organization within the meaning of Section 301(a) of the LMRA, 29

27  U.S.C. Section 185(a).

28

DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441

7.     Plaintiff's Complaint and each purported cause of action alleged therein require the interpretation of the CBA and is substantially dependent on analysis of a CBA and thus is completely preempted by federal law under Section 301 of the LMRA, 29 U.S.C. Section 185.

8.     The LMRA confers federal jurisdiction in any suit between an employer and a labor union for violation of a collective bargaining agreement.  (See 29 U.S.C. § 185(a), (b); *K.V. Mart Co. v. United Food & Commercial Workers Int'l Union, Local 324* (9th Cir. 1999) 173 F.3d 1221, 1224-1225.)  The preemptive force of Section 301 of the LMRA is such that it "converts an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule" and the entire Complaint is removable to federal court.  (*Caterpillar Inc. v. Willams* (1987) 482 U.S. 386, 392; *Franchise Tax Board v. Construction Laborers Vacation Trust* (1983) 463 U,S, 1m 23 ("if a federal cause of action completely preempts a state cause of action, any complaint that comes within the scope of the federal cause of action necessarily 'arises' under federal law"); *Associated Builders & Contractors, Inc. v. Local 302, IBEW* (9th Cir. 1997) 109 F. 3d 1353, 1356.)

9.     Because this lawsuit alleges a violation of a contract between an employer and a labor organization representing employees in an industry affecting commerce, it is by definition, under Section 301 of the LMRA (29 U.S.C. § 185), a suit arising under an act of Congress regulating commerce.  As such, it is an action over which this Court has original jurisdiction, without respect to the amount in controversy and without regard to the citizenship of the parties. (29 U.S.C. § 185 and 28 U.S.C. § 1331.)

10.    Since this action under 29 U.S.C. § 185 is a suit involving claims of a right arising, if at all, under the laws of the United States, it may be removed to this Court under the provisions of 28 U.S.C. Sections 1441(b) and 1446 without regard to the citizenship or residence of the parties.

**VENUE**

11.    Venue lies in the United States District Court, Eastern District of California pursuant to 28 U.S.C. Sections 1441(a) and 1391(b), because the original state court action was

1   filed in Sacramento County Superior Court, which is in this district and this is the jurisdictional

2   district in which the action arose.

### INTRADISTRICT ASSIGNMENT

4       12.    Plaintiff's claims arose in Sacramento County.  Assignment to this division of this

5   Court is therefore proper.

### NOTICE TO STATE COURT AND PLAINTIFF

7       13.    Written notice of the filing of this Notice of Removal will promptly be given to

8   Plaintiff and, together with a copy of the Notice of Removal and supporting papers, will

9   promptly be filed with the Clerk of the Court for Sacramento County Superior Court, as required

10  by 28 U.S.C. Section 1447(d).

11      WHEREFORE Defendant respectfully requests that this civil action be removed from the

12  State of California, Sacramento County Superior Court to the United States District Court for the

13  Eastern District of California.

14  Dated: May 8, 2024               LAW OFFICES OF BARNUM & AVILA

16               By:   _____

17                    Randal M. Barnum
                    Jenna R. Avila

18                      Attorneys for Defendant SITE SAFE
                    TRAFFIC SAFETY AND SIGNS

DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441

**PROOF OF SERVICE**

I declare that I am employed in the City of Benicia, County of Solano, California.  I am over the age of eighteen (18) years and not a party to the above-entitled case.  My business address is 279 East H Street, Benicia, California 94510.  On May 8, 2024 I served the following document(s) on the parties in this action as follows:

**DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441**

_X_   (BY MAIL) I caused each such envelope to the addressee(s) noted below, with postage thereon, fully prepaid to be placed in the United States mail in Benicia, California. I am readily familiar with the practice for the collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

____   (BY OVERNIGHT MAIL) I caused to be delivered to an overnight courier service each such envelope to the addressee(s) noted below.

____   (BY PERSONAL SERVICE) I caused to be personally served each document listed above on the addressee(s) noted below.

_X_   (BY EMAIL) I caused to be delivered via email, at the email address noted below, a copy of each document listed above to the addressee(s) noted below.

| |
|---|
| JAMES HAWKINS APLC<br>James R Hawkins, Esq.<br>Gregory Mauro, Esq.<br>Michael Calvo, Esq.<br>Lauten Falk, Esq.<br>Ava Issary, Esq.<br>9880 Research Drive, Suite 200<br>Irvine, CA 92618<br>James@jameshawkinsaplc.com<br>Greg@ jameshawkinsaplc.com<br>Michael@ jameshawkinsaplc.com<br>Lauren@jameshawkinsaplc.com<br>Ava@jameshawkinsaplc.com<br>_Attorneys for Plaintiff, Todd Gilbert_ |

I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on May 8, 2024 at Benicia, California.

_____
Cindy Hovanec

DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441

# EXHIBIT A

Filed
Superior Court of California,
Sacramento
03/19/2024
fisherr
By _____, Deputy
24CV005341

JAMES HAWKINS APLC
James R. Hawkins, Esq. (#192925)
Gregory Mauro, Esq. (#222239)
Michael Calvo, Esq. (#314986)
Lauren Falk, Esq. (#316893)
Ava Issary, Esq. (#342252)
9880 Research Drive, Suite 200
Irvine, CA 92618
Tel.: (949) 387-7200
Fax: (949) 387-6676
Email: James@jameshawkinsaplc.com
Email: Greg@jameshawkinsaplc.com
Email: Michael@jameshawkinsaplc.com
Email: Lauren@jameshawkinsaplc.com
Email: Ava@jameshawkinsaplc.com

Attorneys for Plaintiff TODD GILBERT,
on behalf of the general public as private attorney general

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| TODD GILBERT, on behalf of the general public as private attorney general,<br><br>Plaintiff,<br><br>v.<br><br>SITE SAFE TRAFFIC SAFETY AND SIGNS., a California Corporation, and DOES 1-50, inclusive,<br><br>Defendant. | Case No.<br>ASSIGNED FOR ALL PURPOSES TO:<br>JUDGE:<br>DEPT:<br><br>**PAGA REPRESENTATIVE ACTION COMPLAINT PURSUANT TO THE PRIVATE ATTORNEYS GENERAL ACT (Labor Code §§ 2698 et seq).** |

BY FAX

- 1 -

COMES NOW Plaintiff TODD GILBERT ("Plaintiff"), on behalf the general public and all non-exempt aggrieved employees, acting on behalf of the California Attorney General as private attorney general, asserts claims against Defendant SITE SAFE TRAFFIC SAFETY AND SIGNS, a California Corporation and DOES 1-50, inclusive ("Defendant") as follows:

## I.   INTRODUCTION

1.   This is a representative action for recovery of penalties under the Private Attorneys General Act of 2004 ("PAGA"), Cal. Lab. Code sections 2698 *et seq.* PAGA permits "aggrieved employees" to bring a lawsuit as a representative action on behalf of the general public as private attorney general and all other current and former aggrieved employees, to recover civil penalties and address an employer's violations of the California Labor Code.

2.   In this case, Defendant violated various provisions of the California Labor Code. As set forth below, Defendant implemented policies and practices which led to unpaid wages resulting from Defendant's: (a) failure to pay minimum and overtime wages, (b) failure to provide meal periods, (c) failure to provide rest periods, (d) failure to pay all wages earned and owed upon separation from Defendant's employ, (e) failure to pay wages timely during employment, (f) failure to reimburse necessary business expenses, (g) failure to provide accurate itemized wage statements; and (h) failure to issue wages on demand, without discount. As a result Plaintiff seeks penalties under Labor Code 2698, *et. seq.* on behalf of the general public as private attorney general and all other aggrieved employees.

## II.   JURISDICTION AND VENUE

3.   The California Superior Court has jurisdiction over this action pursuant to California Constitution Article VI, Section 10, which grants the Superior Court "original jurisdiction in all cases except those given by statute to other trial courts." The statutes under which this action is brought do not give jurisdiction to any other court.

4.   This Court has jurisdiction over Defendant because, upon information and belief, Defendant either has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California

- 2 -

1   Courts consistent with traditional notions of fair play and substantial justice.

2       5.      Venue as to each Defendant is proper in this judicial district pursuant to Code of

3   Civil Procedure section 395. Defendant is doing business throughout California, including but not

4   limited to Sacramento County, and each Defendant is within the jurisdiction of this Court for

5   service of process purposes. The unlawful acts alleged herein have a direct effect on Plaintiff and

6   all other aggrieved employees within the State of California. Defendant employs numerous

7   aggrieved employees in in the State of California.

8       6.      On information and belief, Defendant has conducted business within the State of

9   California during the purported liability period and continue to conduct business throughout the

10  State of California. The unlawful acts alleged herein have had a direct effect on Plaintiff, and the

11  similarly situated aggrieved employees within California.

12      7.      The California Superior Court also has jurisdiction in this matter because on

13  information and belief there are no federal questions at issue, as the issues herein are based solely

14  on California statutes and law, including the California Labor Code, the IWC Wage Orders, the

15  California Code of Civil Procedure, the California Civil Code, and the California Business and

16  Professions Code.

17

18      8.      On information and belief, during the statutory liability period and continuing to

19  the present ("liability period"), Defendant consistently maintained and enforced against

20  Defendant's aggrieved Employees, among others, the following unlawful practices and policies,

21  in violation of California state wage and hour laws: (a) failure to pay minimum and overtime

22  wages, (b) failure to provide meal periods, (c) failure to provide rest periods, (d) failure to pay all

23  wages earned and owed upon separation from Defendant's employ, (e) failure to pay wages timely

24  during employment, (f) failure to reimburse necessary business expenses, (g) failure to provide

25  accurate itemized wage statements; and (h) failure to issue wages on demand, without discount.

26      9.      On information and belief, during the statutory liability period and continuing to

27  the present, Defendant has had a consistent policy of failing to pay wages including overtime

28  wages for hours worked while subject to the control of Defendant.

10. On information and belief, during the statutory liability period and continuing to the present, Defendant has failed to provide meal periods to Plaintiff and aggrieved employees. Defendant has also failed to provide meal premiums for missed meal periods.

11. On information and belief, during the statutory liability period and continuing to the present, Defendant has failed to provide rest periods to Plaintiff and aggrieved employees. Defendant has also failed to provide rest premiums for missed rest periods.

12. On information and belief, during the statutory liability period and continuing to the present, Defendant has had a consistent policy of failing to timely pay wages upon separation.

13. On information and belief, during the statutory liability period and continuing to the present, Defendant has had a consistent policy of failing to timely pay wages during Plaintiff and Aggrieved Employees' employment.

14. On information and belief, during the statutory liability period and continuing to the present, Defendant has failed to provide Plaintiff and aggrieved employees accurate itemized wage statements.

15. On information and belief, during the statutory liability period and continuing to the present, Defendant failed to reimburse necessary business expenses incurred by Plaintiff and aggrieved employees.

16. On information and belief, during the statutory liability period and continuing to the present, Defendant failed to issue wages in compliance with Labor Code section 212 by issuing checks subject to check-cashing fees.

17. Plaintiff on behalf of the general public as private attorney general and all other aggrieved employees bring this action pursuant to Labor Code 2698, et. seq. for violations enumerated under 2699.5 as follows: sections 201-204, 212, 225.5, 226, 226.7, 227.3, 510, 512, 558, 226.3, 1174, 1174.5, 1175, 1194, 1197, 1197.1, 1198, 2802, 2804, and seeking penalties, interest, attorneys' fees and costs.

### III.   PARTIES

**A. Plaintiff**

18.      Plaintiff, TODD GILBERT, was at all times relevant to this action, a resident of California.  Plaintiff was employed by Defendant in May of 2016 until October of 2023 as a Non-Exempt Employee with the title of Journeyman and worked during the liability period for Defendant, at Defendant's Sacramento, CA and Vacaville CA locations until Plaintiff's separation from Defendant's employ in approximately October 2023.  Plaintiff's duties included but were not limited to setting up work zones.

19.      As Defendant's employee, Plaintiff, and all other aggrieved employees were regularly required to and subsequently suffered:

(a)      requiring employees to work four (4) hours or a major fraction thereof without being provided a minimum ten (10) minute rest period and without compensating the employees with one (1) hour of pay at the employees' regular rate of compensation for each workday that a rest period was not provided;

(b)      requiring employees to work in excess of five (5) hours or ten (10) hours per day without being provided an uninterrupted thirty minute meal period and/or a second meal period, and without compensating employees with one (1) hour of pay at the regular rate of compensation for each workday that such a meal period was not provided;

(c)      failing to pay overtime and minimum wages;

(d)      failing to pay timely wages upon separation from Defendant's employ;

(e)      failing to pay timely wages upon during employment;

(f)      failing to issue wages on demand without discount;

(g)      failing to provide accurate itemized wage statements;

(h)      failing to reimburse necessary business expenses;

20.      On information and belief, Defendant willfully failed to pay all earned wages in the form regular wages and overtime wages, to its Non-Exempt Employees and members of the Representative Group; nor have Defendant returned to Plaintiff or members of the

- 5 -

1   Representative Group, upon or after separation from employment with Defendant, all wages

2   earned and owing. Plaintiff seeks penalties under Labor Code 2698, *et. seq.* on behalf of the

3   general public as private attorney general and all other aggrieved employees.

**B. Defendant**

4   21.    Defendant, SITE SAFE TRAFFIC SAFETY AND SIGNS., a California

5   Corporation, that operates as an on-site traffic control service and also offers rental equipment

6   essential for road work. Defendant operates in two (2) California locations. Plaintiff estimates

7   there are in excess of one hundred (100) Non-Exempt Employees who work or have worked for

8   Defendant over the last year.

9   22.    Other than identified herein, Plaintiff is unaware of the true names, capacities,

10   relationships and extent of participation in the conduct alleged herein, of the Defendant sued as

11   DOES 1 through 50, but is informed and believes and thereon alleges that said Defendant are

12   legally responsible for the wrongful conduct alleged herein and therefore sues these Defendant by

13   such fictitious names. Plaintiff will amend this complaint when their true names and capabilities

14   are ascertained.

15   23.    Plaintiff is informed and believes and thereon alleges that each Defendant, directly

16   or indirectly, or through agents or other persons, employed Plaintiff and other members of the

17   Representative Group, and exercised control over their wages, hours, and working conditions.

18   Plaintiff is informed and believes and thereon alleges that each Defendant acted in all respects

19   pertinent to this action as the agent of the other Defendant, carried out a joint scheme, business

20   plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable

21   to the other Defendant.

**IV.    GENERAL ALLEGATIONS**

24.    At all times set forth herein, Defendant employed Plaintiff and other persons in the

capacity of non-exempt positions, however titled, throughout the state of California.

25.    Plaintiff is informed and believes Aggrieved Employees have at all times pertinent

hereto been Non-Exempt within the meaning of the California Labor Code and the implementing

- 6 -

1    rules and regulations of the IWC California Wage Orders.

2        26.     Defendant continues to employ Non-Exempt Employees, however titled, in

3    California and implement a uniform set of policies and practices to all non-exempt employees, as

4    they were all engaged in the generic job duties related to Defendant's traffic control services

5    business.

6        27.     Plaintiff is informed and believes, and thereon alleges, that Defendant is and was

7    advised by skilled lawyers and other professionals, employees, and advisors with knowledge of

8    the requirements of California's wage and employment laws.

9        28.     On information and belief, during the relevant time frame, Plaintiff and Aggrieved

10   Employees frequently worked well over eight (8) hours in a day and forty (40) hours in a work

11   week.

12       29.     During the relevant time frame, Defendant compensated Plaintiff and Aggrieved

13   Employees based upon an hourly rate.

14       30.     On information and belief, during the relevant time frame, Plaintiff and Aggrieved

15   Employees typically worked four (5) days a week.

16       31.     Plaintiff is informed and believes that the Aggrieved Employees were required to

17   keep similar schedules.

18

19       32.     During the liability period, Defendant failed to compensate Plaintiff and Aggrieved

20   Employees for all hours worked, resulting in underpayment of minimum and overtime wages. For

21   instance, Plaintiff would attend work early and start working but had to wait until actual start time

22   to clock in. Plaintiff and Aggrieved Employees were not compensated for such off the clock work

23   activities.

24       33.     During the relevant time, as a consequence of Defendant' staffing and scheduling

25   practices, work demands, and Defendant' policies and practices, Defendant frequently failed to

26   provide Plaintiff and Aggrieved Employees timely, legally complaint uninterrupted 30-minute

27   meal periods on shifts over five hours as required by law.

28       34.     On information and belief, Plaintiff and Aggrieved Employees did not sign a meal

- 7 -

1  waiver.

2      35.    Plaintiff and Aggrieved Employees were not provided with valid lawful on-duty
3  meal periods.

4      36.    Despite the above-mentioned meal period violations, Defendant failed to
5  compensate Plaintiff, and on information and belief, failed to compensate Aggrieved Employees,
6  one additional hour of pay at their regular rate as required by California law when meal periods
7  were not timely or lawfully provided in a compliant manner.

8      37.    Plaintiff are informed and believe, and thereon alleges, that Defendant know,
9  should know, knew, and/or should have known that Plaintiff and Aggrieved Employees were
10  entitled to receive premium wages based on their regular rate of pay under California Labor Code
11  § 226.7 but were not receiving such compensation.

12      38.    In addition, during the relevant time frame, Plaintiff and the Non-Exempt
13  Employees were systematically not authorized and permitted to take one net ten-minute paid, rest
14  period for every four hours worked or major fraction thereof, which is a violation of the California
15  Labor Code and IWC wage order.

16      39.    Defendant maintained and enforced scheduling practices, policies, and imposed
17  work demands that frequently required Plaintiff and Aggrieved Employees to forego their lawful,
18  paid rest periods of a net ten minutes for every four hours worked or major fraction thereof. Such
19  requisite rest periods were not timely authorized and permitted as a result of Defendant' failure to
20  provide relief for Plaintiff and Aggrieved Employees to take their lawfully required breaks.

21
22      40.    Despite the above-mentioned rest period violations, Defendant did not compensate
23  Plaintiff, and on information and belief, did not pay Aggrieved Employees one additional hour of
24  pay at their regular rate as required by California law, including California Labor Code § 226.7
25  and the applicable IWC wage order, for each day on which lawful rest periods were not authorized
26  and permitted.

27      41.    Plaintiff is informed and believes, and based thereon alleges, that Defendant knew
28  or should have known that Plaintiff and the other Aggrieved Employees were entitled to receive

- 8 -

all wages owed to them during their employment. Plaintiff and the other Aggrieved Employees did not receive payment of all wages, including overtime and minimum wages and meal and rest period premiums, within any time permissible under California Labor Code section 204.

42.    During the relevant time period, Defendant failed to pay Plaintiff and the other Aggrieved Employees all wages within any time permissible under California law, including, *inter alia*, California Labor Code section 204.

43.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendant knew that at the time of termination of employment (or within 72 hours thereof for resignations without prior notice as the case may be) they had a duty to accurately compensate Plaintiff and Aggrieved Employees for all wages owed including minimum wages, meal and rest period premiums, and any associated profit shares earned by Plaintiff and Aggrieved Employees which Defendant had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so in part because of the above-specified violations.

44.    Defendant failed to reimburse Plaintiff and Aggrieved Employees for business expenses incurred pursuant to California Labor Code § 2802. Plaintiff and Aggrieved Employees were not reimbursed for paying tolls while driving company vehicles.

45.    Additionally, Plaintiff was not reimbursed for paying insurance for approximately seven months for the company vehicle.

46.    Plaintiff and Aggrieved Employees were issued payment via personal checks. Defendant failed to ensure that these checks could be cashed without Plaintiff and Aggrieved Employees having to incur a check-cashing fee. Labor Code Section 212 states that no employer shall issue to an employee any order, check, draft, note, memorandum or other acknowledgment of indebtedness, unless it is negotiable and payable in cash, on demand, without discount, at some established place of business in the state, the name and address of which must appear on the instrument. Here, Defendant violated Labor Code section 212 by failing to provide payment on demand without discount.

47.     Upon information and belief, Defendant knew and or should have known that it is improper to implement policies and commit unlawful acts such as:

(a)     requiring employees to work four (4) hours or a major fraction thereof without being provided a minimum ten (10) minute rest period and without compensating the employees with one (1) hour of pay at the employees' regular rate of compensation for each workday that a rest period was not provided;

(b)     requiring employees to work in excess of five (5) hours or ten (10) hours per day without being provided an uninterrupted thirty minute meal period and/or a second meal period, and without compensating employees with one (1) hour of pay at the regular rate of compensation for each workday that such a meal period was not provided;

(c)     failing to pay overtime and minimum wages;

(d)     failing to pay timely wages upon separation from Defendant's employ;

(e)     failing to pay timely wages upon during employment;

(f)     failing to provide accurate wage statements;

(g)     failing to issue wages on demand without discount; and

(h)     failing to reimburse necessary business expenses

48.     In addition to the violations above, and on information and belief, Defendant knew they had a duty to compensate Plaintiff and Aggrieved Employees for the allegations asserted herein, and that Defendant had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so.

49.     Plaintiff and Aggrieved Employees they seek to represent are covered by, and Defendant are required to comply with, applicable California Labor Codes, Industrial Welfare Commission Occupational Wage Orders (hereinafter "IWC Wage Orders") and corresponding applicable provisions of California Code of Regulations, Title 8, § 11000 *et seq.*

## V. REPRESENTATIVE CLAIMS

### THE PRIVATE ATTORNEYS GENERAL ACT- LABOR CODE §§ 2698  *et seq.*

50.     Plaintiff incorporates by reference and re-alleges each and every allegation

- 10 -

1  contained above, as though fully set forth herein.

2      51.    PAGA is a mechanism by which the State of California can enforce state labor laws

3  through the employee suing under the PAGA who do so as the proxy or agent of the state's labor

4  law enforcement agencies. An action to recover civil penalties under PAGA is fundamentally a

5  law enforcement action designed to protect the public and not to benefit private parties. The

6  purpose of the PAGA is not to recover damages or restitution, but to create a means of "deputizing"

7  citizens as private attorneys general to enforce the Labor Code. In enacting PAGA, the California

8  Legislature specified that "it was...in the public interest to allow aggrieved employees, acting as

9  private attorneys general to recover civil penalties for Labor Code violations..." Stats. 2003, Ch.

10  906, section 1. Accordingly, PAGA claims cannot be subject to arbitration.

11      52.    Plaintiff brings this Representative Action on behalf of the State of California with

12  respect to himself and all other individuals who are or previously were employed by Defendant as

13  non-exempt California employees during the applicable statutory period (the "aggrieved

14  employees").

15

16      53.    On January 12, 2024 Plaintiff complied with notice requirements pursuant to Labor

17  Code section 2699.3. A copy of the letter sent to the LWDA is attached hereto as **Exhibit A**,

18  indicating that the LWDA and Defendant were put on notice of the claims alleged here and that

19  the notice requirement has been satisfied. Sixty five (65) days have passed and the LWDA has

20  not indicated intent to investigate the claims. Therefore, Plaintiff may proceed with this action in

21  a representative capacity. The substance and violations set forth in this Complaint of which the

22  LWDA was provided timely notice, Plaintiff has also sent a copy of this PAGA Representative

23  Action Complaint to the LWDA.

24      54.    Plaintiff is an aggrieved employee as defined in Labor Code Section 2699(a).

25  Plaintiff brings this cause of action on behalf of all current and former California non-exempt

26  Employees of Defendant.

27      55.    Pursuant to Labor Code section 2699(a) Plaintiff seek to recover civil penalties for

28  which Defendant are liable due to numerous Labor Code violations as set forth in this Complaint,

1   including without limitation Labor Code section 201-204, 212, 225.5, 226, 226.3, 510, 512, 558,

2   1174, 1174.5, 1175, 1194, 1197, 1197.1, 1198, 2802, and, 2698 *et seq.*, applicable IWC Wage

3   Orders and California Code of Regulations, Title 8, section 11000 *et. seq.*

4      56.   Defendant violated Labor Code section 510, and 1194 by failing to accurately pay

5   overtime wages owed. Therefore, Defendant violated section 510, and 1194 by not compensating

6   its Non-Exempt Employees for work performed in excess of eight hours (8) in a day or forty hours

7   in a work week (40). Section 510 of the Labor Code codifies the right to overtime compensation

8   at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight

9   (8) hours in a day or forty (40) hours in a work week and to overtime compensation twice the

10  regular rate of pay for hours worked in excess of twelve (12) hours in a day or in excess of eight

11  (8) hours in a day on the seventh day of work in a particular work week.

12     57.   Defendant also willfully violated Labor Code sections 201-203 by failing to provide

13  all owed wages at separation from employment. Labor Code sections 201 and 202 require

14  Defendant to pay their employees all wages due either at time of firing, or within seventy-two (72)

15  hours of voluntary separation, if not sooner.  Section 203 of the Labor Code provides that if an

16  employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay

17  the subject employee's wages until the back wages are paid in full or an action is commenced. The

18  penalty cannot exceed 30 days of wages.

19

20     58.   Plaintiff and all other aggrieved employees who were separated from employment

21  are entitled to compensation for all forms of wages earned, including but not limited to

22  compensation minimum and overtime wages, but to date have not received such compensation,

23  therefore entitling them to penalties under PAGA for violations of Labor Code sections 201-204.

24     59.   On information and belief, Defendant willfully failed to pay all wages due and

25  owing upon separation from employment.  These wages include minimum and overtime wages.

26     60.   On information and belief, Defendant willfully failed to pay all wages due and

27  owing during employment.  These wages include minimum and overtime wages.

28     61.   Labor Code § 2802 requires Defendant to indemnify Plaintiff and Aggrieved

- 12 -

1    Employees for necessary expenditures incurred in direct consequences of the discharge of his or

2    her duties. As a necessary part of employment, Plaintiff and on information and belief Aggrieved

3    Employees, were not adequately reimbursed by Defendant for expenses related to all expenses

4    incurred as a result of out of pocket expenses, including tolls and company vehicle insurance.

5    Despite these realities of the job, Defendant failed to provide reimbursements.

6         62.      Defendants failed to provide Plaintiff and all other aggrieved employees

7    uninterrupted duty free meal periods of not less than thirty (30) minutes. Defendants implemented

8    and enforced policies of on duty meal period practices which required employees to work during

9    their meal periods, to forego their meal periods, and/or to return to work from meal periods prior

10    to thirty (30) uninterrupted minutes. As a proximate result of the aforementioned violations,

11    Plaintiff and all other aggrieved employees have been damaged in an amount according to proof

12    at time of trial.

13         63.      Plaintiff, and on information and belief, all aggrieved employees, were

14    systematically not permitted or authorized to take ten minute rest periods for every four hours

15    worked or major fraction thereof, which is a violation of the Labor Code and IWC wage order.

16    Plaintiff and on information and belief, aggrieved employees, were not compensated with one hour

17    of wages for every day in which a rest period was missed or untimely as a result of Defendants'

18    policies, practices, or work demands. By failing to authorize and permit a ten-minute rest period

19    for every four hours or major fraction thereof worked per day by its Non-Exempt Employees, and

20    by failing to provide compensation for such non-provided or shortened rest periods, as alleged

21    above, Defendants willfully violated the provisions of Labor Code sections 226.7, 512 and the

22    applicable IWC Wage Order.

23

24         64.      Labor Code §2804 states in pertinent part: "Any contract or agreement, express or

25    implied, made by any employee to waive the benefits of this article or any part thereof is null and

26    void, and this article shall not deprive any employee or his or her personal representative of any

27    right or remedy to which he is entitled under the laws of this State.

28         65.      California Labor Code § 212 requires California employers to comply with a series

1   of provisions when issuing wages to employees. In short, the provisions of section 212(a)(1) forbid

2   an employer from issuing payment of wages in an instrument that is not (1) negotiable, (2) payable

3   in cash, (3) on demand, (4) without discount, (5) at an established place of business in the State,

4   (6) the name and address of which appears on the instrument, and (7) which place of business has

5   been prepared, by the deposit of funds, the establishment of credit, or by some arrangement or

6   understanding, to pay the money called for by the instrument. *See People v. Turner*, 154 Cal. App.

7   2d F. Supp. 883, 885-86 (1957).

8       66.     Here Plaintiff and Aggrieved Employees were subject to check-cashing fees in

9   violation of Labor Code section 212.

10      67.     Labor Code § 225.5 states: A civil penalty applies to violations of §§ 212, 216, 221,

11  222 and 223. The civil penalty is $50 for the first violation and $100 for each subsequent willful

12  violation, plus 25% of the amount unlawfully withheld. The penalty recoverable by Labor

13  Commissioner or on behalf of State Treasury.

14      68.     As a result of Defendant's unlawful conduct, Plaintiff and aggrieved employees

15  are entitled to penalties to the extent they were not paid at the prevailing wage rate for all hours

16  worked.

17      69.     Plaintiff and the Representative aggrieved Employees are entitled to recover

18  Penalties and attorneys' fees and costs sunder Labor Code section 2698, et. seq.

19                              **PRAYER FOR RELIEF**

20      WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:

21      1.     For penalties according to proof, pursuant to Labor Code §§ 2698 et seq.;

22      2.     For reasonable attorneys' fees and costs; and

23      3.     For such other and further relief as the Court deems proper.

24

25

26

27

28

- 14 -

1  Dated: January 12, 2024                    JAMES HAWKINS APLC

2

3                                             By: _____
                                                  JAMES R. HAWKINS, ESQ.
4                                                 GREGORY MAURO, ESQ.
                                                  MICHAEL CALVO, ESQ.
5                                                 LAUREN FALK, ESQ.
                                                  AVA ISSARY, ESQ.
6
                                                  Attorneys for Plaintiff TODD GILBERT on
7                                                 behalf of the general public as private
                                                  attorney general
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 15 -

# EXHIBIT B

1  Randal M. Barnum     State Bar No. 111287
   Jenna R. Avila          State Bar No. 307639
2  LAW OFFICES OF BARNUM & AVILA
   279 East H Street
3  Benicia, CA  94510
   Telephone:     707.745.3747
4  Facsimile:      707.745.4580
   rbarnum@rmblaw.com
5  javila@rmblaw.com

6  Attorneys for Defendant SITE SAFE TRAFFIC
   SAFETY AND SIGNS
7

8

9                    **SUPERIOR COURT, STATE OF CALIFORNIA**

10                         **COUNTY OF SACRAMENTO**

11                          **(UNLIMITED JURISDICTION)**

12

13  TODD GILBERT, on behalf of the general          CASE NO.  24CV005341
    public as private attorney general,
14                                                  **DEFENDANT'S ANSWER TO PAGA**
                         Plaintiff,                 **REPRESENTATIVE ACTION**
15          v.

16  SITE SAFE TRAFFIC SAFETY AND                    Date Complaint Filed:  March 19, 2024
    SIGNS., a California corporation, and
17  DOES 1-50, inclusive,

18                       Defendant.

19

20

21          Defendant SITE SAFE TRAFFIC SAFETY AND SIGNS (hereinafter "Defendant")

22  makes the following Answer to Plaintiff TODD GILBERT'S (hereinafter "Plaintiff") unverified

23  Complaint entitled; "PAGA Representative Action Complaint Pursuant to the Private Attorneys

24  General Act (Labor Code §§ 2698 *et seq*)" (hereinafter "Complaint") dated January 12, 2024,

25  and filed with this court on March 19, 2024:

26                                 **GENERAL DENIAL**

27          Pursuant to Code of Civil Procedure Section 431.30(d) Defendant denies, generally and

28  specifically, each and every allegation, statement, and matter of each and every purported cause

                                            - 1 -
                    DEFENDANT'S ANSWER TO PAGA REPRESENTATIVE ACTION

1  of action in Plaintiff's Complaint. Without limiting the generality of the foregoing, Defendant

2  denies, generally and specifically, that Plaintiff and any alleged "aggrieved employees," putative

3  "class" or "class member" plaintiffs have been damaged in, or entitled to recovery in the manner

4  or sums alleged, or in any way at all, by reason of any acts or omissions of Defendant. As set

5  forth herein, "Plaintiff" also refers to and includes all others allegedly similarly situated

6  "aggrieved employees," "class" or "class members."

7  **AFFIRMATIVE DEFENSES**

8  As separate and affirmative defenses to Plaintiff's Complaint and each cause of action

9  therein, Defendant alleges as follows:

10  **FIRST AFFIRMATIVE DEFENSE**

11  Plaintiff's Complaint as a whole, and each purported cause of action therein, fails to state

12  facts sufficient to constitute a cause of action against Defendant for which relief may be granted.

13  **SECOND AFFIRMATIVE DEFENSE**

14  Under information and belief, Defendant alleges that Plaintiff's Complaint, and each

15  purported cause of action therein, is barred in whole or in part by the applicable statutes of

16  limitations, as follows: Defendant alleges that the claims and allegations under the Unfair

17  Competition Law (UCL) set forth in Business and Professions Code Section 17200 et seq. are

18  barred by the four-year statute of limitations set forth in Business and Professions Code Section

19  17208. The claims and allegations for waiting time penalties under Labor Code Section 203 are

20  barred by the three-year statute of limitations. (*Pineda v. Bank of America N.A.* (2010)

21  Cal.App.4th 1389.) The claims and allegations under Labor Code Section 226 for violation of the

22  itemized wage statement requirements are barred by the one-year statute of limitations set forth

23  in California Code of Civil Procedure Section 340(a). The claims and allegations for unpaid

24  wages and overtime premium pay are barred by the three-year statute of limitations set forth in

25  California Code of Civil Procedure Section 338. The claims and allegations for payments under

26  California Labor Code Section 226.7 for missed meal and rest period violations are barred by the

27  three-year statute of limitations set forth in California Code of Civil Procedure Section 338. Any

28  other claims and allegations for penalties are barred by reason of the one-year statute of

limitations set forth in California Code of Civil Procedure Section 340(a).

### THIRD AFFIRMATIVE DEFENSE

Under information and belief, Defendant alleges that Plaintiff's Complaint, and each cause of action therein, is barred by the equitable doctrines of unclean hands, latches, waiver, estoppel, and res judicata.

### FOURTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff acknowledged, ratified, consented to, and acquiesced in the alleged acts or omissions, if any, of this answering Defendant, thus, barring Plaintiff's recovery.

### FIFTH AFFIRMATIVE DEFENSE

Any and all conduct of which Plaintiff complains, and which is attributed to Defendant, was privileged and justified as a matter of business necessity.

### SIXTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff (and all other present and/or former employees) did not work sufficient hours in any workday or workweek to trigger the requirement that an overtime premium wage be paid under California wage and hour laws and orders.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that an award of waiting time penalties pursuant to California Labor Code Section 203 is unavailable inasmuch as any failure to pay the wages and penalties sought by Plaintiff (and all other present and/or former employees) in this action was the subject of a good faith dispute and was not willful.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant alleges that California Labor Code Section 203(b) bars Plaintiff's Complaint and each purported cause of action therein in whole or in part.

### NINTH AFFIRMATIVE DEFENSE

Defendant alleges that an award of penalties pursuant to California Labor Code Section 226 for failing to provide accurate itemized statements is unavailable inasmuch as any failure to provide accurate itemized statements (which Defendant denies) was not knowing and intentional.

### TENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff (and all other present and/or former employees) were timely paid all wages due and owing during their employment.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff (and all other present and/or former employees) were timely paid all wages due and owing to each said employee upon the termination of employment.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff (and all other present and/or former employees) were provided accurate itemized statements during their employment.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that its business actions or practices were not unfair, unlawful, fraudulent, or deceptive within the meaning of California Business and Professions Code Section 17200 et seq.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that if Plaintiff suffered any loss, damage, or injury (which Defendant denies), it is compensable by monetary damages and Plaintiff is not entitled to injunctive or any other equitable relief.

### FIFTEENTH AFFIRMATIVE DEFENSE

As to the claim for statutory unfair competition, Plaintiff is not entitled to the remedy of restitution they seek under Business and Professions Code section 17200 et seq.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff (and all other present and/or former employees) have not suffered any losses and Defendant has not been unjustly enriched as a result of any action or inaction by Defendant. Plaintiff (and all other present and/or former employees) therefore are not entitled to any disgorgement or restitution.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that any award of penalties including but not limited to under California Labor Code Sections 203, 204, 226, 226.8(b) and (c), 1194 and 1197.1 is unavailable

inasmuch as Defendant has at all times made good faith efforts to comply with the law and as such, even if, arguendo, Plaintiff could establish any of the claims alleged in the Complaint there has been no willful violation of the law.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, fails to state a valid claim for liquidated damages as Defendant has made good faith efforts to comply with the law and as such, even if, arguendo, Plaintiff could establish any of the claims alleged in the Complaint there has been no willful violation of the law.

### NINETEENTH AFFIRMATIVE DEFENSE

It is alleged that Defendant is entitled to a credit or offset for any amounts overpaid to Plaintiff in the course of employment with Defendant from any source.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendant alleges that the losses incurred by Plaintiff, if any, are attributed to the acts or omissions of Plaintiff.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant alleges that it has no liability based on the alleged failure to provide meal and/or rest periods as Plaintiff and all alleged similarly situated employees are exempt employees for all or part of their employment.  In light of the applicable exemption, Defendant was not obligated to comply with California State meal and rest break laws.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

In the event that California State meal and rest break laws apply, Defendant provided meal and rest breaks required and took no action to prevent the required meal and rest breaks nor did the work duties interfere with nor prevent the meal and rest breaks from being taken.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

As to Plaintiff's claims for overtime wages, including but not limited to those alleged under Labor Code Section 1194, Plaintiff and all alleged similarly situated employees were exempt and therefore not entitled to the payment of overtime wages.

///

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's complaint and each purported cause of action alleged therein require the interpretation of a collective bargaining agreement ("CBA") and is substantially dependent on analysis of a CBA and thus is completely preempted by federal law under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. Section 185.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's complaint and each purported cause of action alleged therein is subject to the grievance procedures and binding arbitration under the terms of the applicable collective bargaining agreement.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff is not a proper PAGA representative.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, is barred in whole or in part, by Plaintiff's failure to exhaust his administrative remedies, including but not limited to the procedural and/or administrative perquisites to maintaining an action under the California Labor Code Private Attorney General Act of 2004 (Labor Code § 2698 et seq.).

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's alleged PAGA claims have been expressly waived under the terms of the applicable collective bargaining agreement.

### ADDITIONAL DEFENSES

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether there may be additional, as yet unstated, defenses and reserve the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by way of the Complaint;

2. That the court dismiss Plaintiff's Complaint and each cause of action therein;

3. That judgment be entered against Plaintiff and in favor of Defendant;

4. That the court award Defendant its costs of suit and attorney's fees incurred; and

5. That the court grant such further relief as may be appropriate.

Dated: May 8, 2024                    LAW OFFICES OF BARNUM & AVILA

By:   _Jenna R. Avila_____
      Randal M. Barnum
      Jenna R. Avila
      Attorneys for Defendant SITE SAFE
      TRAFFIC SAFETY AND SIGNS

DEFENDANT'S ANSWER TO PAGA REPRESENTATIVE ACTION

## PROOF OF SERVICE

I declare that I am employed in the City of Benicia, County of Solano, California. I am over the age of eighteen (18) years and not a party to the above-entitled case. My business address is 279 East H Street, Benicia, California 94510. On May 8, 2024 I served the following document(s) on the parties in this action as follows:

**DEFENDANT'S ANSWER TO PAGA REPRESENTATIVE ACTION**

_X_  (BY MAIL) I caused each such envelope to the addressee(s) noted below, with postage thereon, fully prepaid to be placed in the United States mail in Benicia, California. I am readily familiar with the practice for the collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

___  (BY OVERNIGHT MAIL) I caused to be delivered to an overnight courier service each such envelope to the addressee(s) noted below.

___  (BY PERSONAL SERVICE) I caused to be personally served each document listed above on the addressee(s) noted below.

_X_  (BY EMAIL) I caused to be delivered via email, at the email address noted below, a copy of each document listed above to the addressee(s) noted below.

| |
|---|
| JAMES HAWKINS APLC <br> James R Hawkins, Esq. <br> Gregory Mauro, Esq. <br> Michael Calvo, Esq. <br> Lauten Falk, Esq. <br> Ava Issary, Esq. <br> 9880 Research Drive, Suite 200 <br> Irvine, CA 92618 <br> James@jameshawkinsaplc.com <br> Greg@ jameshawkinsaplc.com <br> Michael@ jameshawkinsaplc.com <br> Lauren@jameshawkinsaplc.com <br> Ava@jameshawkinsaplc.com <br> _Attorneys for Plaintiff, Todd Gilbert_ | |

I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on May 8, 2024 at Benicia, California.

Cindy Hovanec

DEFENDANT'S ANSWER TO PAGA REPRESENTATIVE ACTION

1  Randal M. Barnum    State Bar No. 111287
   Jenna R. Avila       State Bar No. 307639
2  LAW OFFICES OF BARNUM & AVILA
   279 East H Street
3  Benicia, CA  94510
   Telephone:    707.745.3747
4  Facsimile:    707.745.4580
   rbarnum@rmblaw.com
5  javila@rmblaw.com

6  Attorneys for Defendant SITE SAFE TRAFFIC
   SAFETY AND SIGNS
7

8

9                  **SUPERIOR COURT, STATE OF CALIFORNIA**

10                      **COUNTY OF SACRAMENTO**

11                     **(UNLIMITED JURISDICTION)**

12

13  TODD GILBERT, on behalf of the          CASE NO.  24CV005341
    general public as private attorney general,
14                                           DEFENDANT'S NOTICE TO STATE COURT
                Plaintiff,                   AND PLAINTIFF OF REMOVAL OF PAGA
15      v.                                   REPRESENTATIVE ACTION

16  SITE SAFE TRAFFIC SAFETY AND
    SIGNS., a California corporation, and    Date Complaint Filed:  March 19, 2024
17  DOES 1-50, inclusive,

18              Defendant.

19

20

21      **TO  THE  CLERK  OF  THE  SUPERIOR  COURT  OF  THE  STATE  OF**

22  **CALIFORNIA,  COUNTY  OF  SACRAMENTO,  AND  TO  PLAINIIFF  AND  HIS**

23  **ATTORNEYS OF RECORD HEREIN:**

24      **PLEASE TAKE NOTICE** that on or about May 8, 2024 Defendant Site Safe Traffic

25  Safety and Signs pursuant to 28 U.S.C. Sections 1331, 1441(a) and 1446(a) "NOTICE OF

26  REMOVAL" filed with the United States District Court for the Eastern District of California a

27  Notice Of Removal of the above-captioned action from the Superior Court of the State of

28
                              - 1 -
    DEFENDANT'S NOTICE TO STATE COURT AND PLAINTIFF OF REMOVAL OF PAGA
                          REPRESENTATIVE ACTION

1  California for the County of Sacramento.  Attached hereto as Exhibit "1" is a true and correct

2  copy of the Notice of Removal without its attached exhibits.

3    The Superior Court for the State of California for the County of Sacramento is hereby

4  advised to proceed no further with this matter unless and until the case is remanded.

5  Dated: May 8, 2024        LAW OFFICES OF BARNUM & AVILA

6

7               By:   _Jenna R. Avila_____

8                   Randal M. Barnum
                    Jenna R. Avila

9                   Attorneys for Defendant SITE SAFE
                    TRAFFIC SAFETY AND SIGNS

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE TO STATE COURT AND PLAINTIFF OF REMOVAL OF PAGA
REPRESENTATIVE ACTION

## **PROOF OF SERVICE**

I declare that I am employed in the City of Benicia, County of Solano, California.  I am over the age of eighteen (18) years and not a party to the above-entitled case.  My business address is 279 East H Street, Benicia, California 94510.  On May 8, 2024 I served the following document(s) on the parties in this action as follows:

### **DEFENDANT'S NOTICE TO STATE COURT AND PLAINTIFF OF REMOVAL OF PAGA REPRESENTATIVE ACTION**

_X_   (BY MAIL) I caused each such envelope to the addressee(s) noted below, with postage thereon, fully prepaid to be placed in the United States mail in Benicia, California. I am readily familiar with the practice for the collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

___   (BY OVERNIGHT MAIL) I caused to be delivered to an overnight courier service each such envelope to the addressee(s) noted below.

___   (BY PERSONAL SERVICE) I caused to be personally served each document listed above on the addressee(s) noted below.

_X_   (BY EMAIL) I caused to be delivered via email, at the email address noted below, a copy of each document listed above to the addressee(s) noted below.

| | |
|---|---|
| JAMES HAWKINS APLC<br>James R Hawkins, Esq.<br>Gregory Mauro, Esq.<br>Michael Calvo, Esq.<br>Lauten Falk, Esq.<br>Ava Issary, Esq.<br>9880 Research Drive, Suite 200<br>Irvine, CA 92618<br>James@jameshawkinsaplc.com<br>Greg@ jameshawkinsaplc.com<br>Michael@ jameshawkinsaplc.com<br>Lauren@jameshawkinsaplc.com<br>Ava@jameshawkinsaplc.com<br>*Attorneys for Plaintiff, Todd Gilbert* | |

I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on May 8, 2024 at Benicia, California.

Cindy Hovanec

**EXHIBIT C**



1
2
3
4
5
6
7

**2022-2027**

**AGC/LABORERS' MASTER AGREEMENT**
**FOR NORTHERN CALIFORNIA**

**MEMORANDUM OF UNDERSTANDING**

8  This Memorandum of Understanding entered into this 15ᵗʰ day of March, 2022, extends the current
9  Laborers Master Agreement for Northern California by and between the Union, the Northern
10 California District Council of Laborers and its Affiliate Local Unions, and the Employer, the
11 Associated General Contractors of California, Inc. and its Individual Employers, through June 30,
12 2027, and provides the following modifications to the terms and conditions of the 2022-2027
13 AGC/Laborers Master Agreement:
14
15 **1.   Term of Agreement -- 4 Year Agreement (2023-2027)**
16
17 *The parties agree to a four (4) year extension through June 30, 2027 and modify the*
18 *language throughout the Agreement and in Section 32 (Effective and Termination Date) as*
19 *follows:*
20
21       This Agreement shall be effective as of the 1st day of July 2022, and remain in effect
22       without reopening for any purpose until the 30th day of June 2027, and shall continue from
23       year to year thereafter, unless either of the Collective Bargaining Representatives shall
24       give written notice to the other of a desire to change the wages, hours and working
25       conditions hereof not more than ninety (90) and not less than sixty (60) days prior to June
26       30 of any succeeding year.
27
28       The parties to this Agreement recognize the necessity of assuring the competitive position
29       of the parties within the industry during the term of this Agreement. Consistent with that
30       recognition, the parties will continually monitor the effectiveness of this Agreement relative
31       to specific geographic or market area and will endeavor, by mutual agreement, to initiate
32       such modifications to the Agreement during its term as may be necessary to assure the
33       work opportunities of the employees and the competitive position of the Individual
34       Employers.
35
36       It is agreed that in the event either party should exercise its rights under the paragraph
37       first above set out, they will for a period of sixty (60) days prior to the 30th day of June
38       2027, or June 30th of any succeeding year bargain with each other with respect to all
39       wage rates, working conditions and hours of employment for the work herein covered.
40
41                                    * * * * * * *
42
43 **2.   Section 1B - Coverage and Description of Laborers' Work**
44
45 *The parties agree to the following modifications to Section 1 (General Provisions),*
46 *Subsection B (Coverage and Description of Laborers' Work Covered by this Agreement)*
47 *as follows:*
48
49       B.   Coverage and Description of Laborers' Work Covered by this Agreement.

Page 1 of 11

| | |
|---|---|
| AGC _EK_ | NCDCL _PDLT_ |
| AGC _DL_ | AGC _PHZ_ |



1
2
3  ADD: *Cleaning of illegal encampments to description of work*
4
5  All Laborers' work necessary to tend the carpenters and other building trades craftsmen,
6  stripping of concrete forms, handling and raising of slip forms, sewer cleaners, gardening,
7  horticulture, landscaping, trackmen (construction, maintenance, repair), installation of all
8  track, including the third rail, all cleanup of debris, grounds and buildings, graffiti
9  abatement, steam cleaning; all cleaning of illegal encampments, to include the cleaning
10 of any biohazards associated with the encampments; and all General Laborers' work. In
11 accordance with Green Book Decision dated August 2, 1920 – December 11, 1924, the
12 loading and unloading, carrying and handling of all rods and materials for use in reinforcing
13 concrete construction shall be done by Laborers under the supervision of such person as
14 the Employer may designate. The hoisting of rods shall be done by Laborers, except when
15 a derrick or outrigger operated by other than hand power is used.
16
17                              * * * * * * *
18
19 ADD: *Sheet piling description of work*
20
21 All Laborers' work in connection with the slinging, handling and placing of all rip rap, rock
22 and stone on highways, jetties, seawalls waterfront structures and dikes; all Laborers'
23 work in connection with sheet piling for underground excavations, including but not limited
24 to sewers, earth retention, retaining walls, or wherever used; mechanically stabilized
25 earthen (MSE) walls, reinforced soil slopes (RSS), geosynthetic reinforced soil (GRS)
26 walls, access ramps, bridge abutments, and wing walls construction and installation,
27 including straps, facing, reinforcing mesh and strips, fabrics, precast panels, precast
28 concrete blocks, dry cast modular blocks, gabions, welded wire mesh, drainage, drainpipe,
29 and backfill and topsoil.
30
31                              * * * * * * *
32 ADD: *Fire Cleanup to description of work*
33
34 All Laborers' work in connection with the installation of appliances and free standing
35 furniture.
36
37 All Laborers' work in connection with the laying and/or applying of fabrics connected to
38 asphalt, portland cement concrete (pcc), and aggregate paving work.
39
40 All Laborers' work in connection with the cleanup and removal of fire debris from major
41 woodlands fires. This will include but not be limited to removal of stumps, trunks, branches,
42 and all other damaged materials caused by water and/or extinguishing fire retardant
43 substances. Further, all work in connection with fire prevention needed/required by
44 agencies and owners to avoid future major woodlands fires.
45
46                              * * * * * * *
47

AGC ___   NCDCL ___
AGC ___   AGC ___



**ADD:** *Process Pipe; Sewage; include "whether temporary or permanent" to water treatment facilities*

All mechanical. pressurized. and process pipe work, including the laying and installation of pipe above and below ground, cathodic protection, bolt up, and support installation in connection to water and/or sewage conveyance, production, purification, filtration, and treatment facilities, whether temporary or permanent.

\* \* \* \* \* \* \*

**ADD:** *"potholing"; "to include truck and/or trailer mounted vacuum excavators"*

All Laborers' work in connection with Trenchless Technology, including pipe installation, bursting, camera/cctv, relining, potholing, or similar trenchless laborer work, to include truck and/or trailer mounted vacuum excavators.

\* \* \* \* \* \* \*

3.   **Section 2 - Bargaining**

*The parties agree to add or modify language in the following paragraphs of Section 2 (Bargaining Representatives) for clarity:*

A.   **Union's Recognition of Collective Bargaining Representative of Employer.**

In the event the Union (District Council) enters into any other agreement with other employers or employer associations concerning the type of work covered hereby in the area which shall have terms more favorable to such employers or employer associations and the members thereof than this Agreement, then such more favorable provisions shall become a part of and apply to this Agreement only in the geographical area where such other agreement is in effect and only as to the same types of work.

\* \* \* \* \* \* \*

C.   **Access to Project**

Union Representative shall have access to the project during working hours for the purpose of checking compliance with the terms if this Agreement.

\* \* \* \* \* \* \*

| AGC _ER_ | NCDCL _DLT_ |
| AGC _PL_ | AGC _PMB_ |



4. **Section 3 – Employment and Discharge**

    **(5)**   When requesting Laborers, the Individual Employer shall submit job orders indicating the number of persons desired, qualifications of each person desired, project specific requirements of each person desired. the location of the job, the reporting date and time and the representative of the Individual Employer to be contacted on the job site.

           \* \* \* \* \* \* \*

5. **Section 6 – Lunch Time, Rest Periods, & Heat Illness Preventative Recovery Period**

*The parties agree to simplify the language pertaining to heat illness prevention consistent with California State Law.*

    A heat illness preventative recovery period shall be made available for employees working in high heat conditions in order to prevent heat illness in accordance with CAL/OSHA requirements.

    If an Individual Employer fails to provide an Employee a preventative recovery cool-down period in accordance with this Section, the Individual Employer shall pay the Employee one (1) additional hour of pay at the Employee's applicable rate of compensation, excluding fringe benefits, for each work day that a requested preventative recovery period is not provided. No employee shall be discriminated against for exercising his/her rights pursuant to this Section.

6. **Section 9 – Grievance Procedure**

*The parties agree to modify sentence regarding claims arising out of Section 28 for clarity:*

    Any dispute concerning the interpretation or application of this Agreement, other than a jurisdictional dispute or a dispute arising out of Section 3A or 3B, or a dispute arising out of subsection 13C(4), or a dispute arising out of Section 28 and seeking to collect funds allegedly owed under the (Health & Welfare Plan, Pension/Annuity Plan, Vacation-Holiday-Dues Supplement Plan, and/or Training-Retraining/Apprenticeship Plan.} which said Sections and the Subsections thereof are specifically exempted by the provisions of this Section, the following procedure will apply:

           \* \* \* \* \* \* \*

*The parties agree to change 10-day window for filing a grievance to 10 working days.*

    14.   No proceedings hereunder based on any dispute, complaint, or grievance herein provided for shall be recognized unless adequate notice was given to the Employer and/or Union or Local Union within ten (10) working days excluding Saturdays, Sundays and Recognized Holidays after the alleged violation was committed.

           \* \* \* \* \* \* \*

| AGC _TK_ | NCDCL _QbLT_ |
| AGC _BL_ | AGC _DMB_ |



AGC
CALIFORNIA

*The parties agree to add stronger PAGA waiver language.*

21.     In addition to Contractual Disputes that may be brought by the Union as described above, all employee disputes concerning violations of, or arising under Wage Order 16 (except as noted immediately preceding paragraph), the California Labor Code Sections identified in California Labor Code Section 2699.5 as amended, the California Private Attorney General Act (Labor Code Section 2698, et. Seq.), and federal, state, and local law concerning wage-hour requirements, wage payment and meal or rest periods, including claims arising under the Fair Labor Standards Act (hereinafter "Statutory Dispute" or "Statutory Disputes") shall be subject to and must be processed by the employee pursuant to the procedures set forth in Section 9 as the sole and exclusive remedy. To ensure disputes are subject to this grievance procedure in accordance with the intended scope of coverage set forth herein, Statutory Disputes also include any contract, tort or common law claim concerning the matters addressed in the foregoing laws (other than a claim of violation of the Master Labor Agreement which are deemed Contractual Disputes). Section 9 and the procedures set forth herein shall not apply to claims before the National Labor Relations Board, the Employee Equal Opportunity Commission, the Department of Fair Employment and Housing, and the California Division of Workers' Compensation.

22.     Grievances and arbitrations of all Statutory Disputes shall be brought by the individual employee in an individual capacity only and not as a grievant or class member in any purported class or representative grievance or arbitration proceeding. The Arbitrator shall have the authority to consolidate individual grievances for hearing, but shall not have authority to fashion a proceeding as a class or collective action or to award relief to a group or class of employees in one (1) grievance or arbitration proceeding.

23.     It is mutually agreed that this Agreement prohibits any and all violations of the sections of the California Labor Code that are listed un section 2699.5 of the California Labor Code and would be redressable pursuant to the Labor Code Private Attorney General Act of 2004 ("PAGA"). Such claims shall be resolved exclusively through the procedures set forth in Section 9 and shall not be brought in a court of law or before any administrative agency such as the California Labor Commissioner. This Agreement expressly waives the requirements of PAGA and authorizes the permanent arbitrator to award any and all remedies otherwise available under the California Labor Code, except the award of penalties under PAGA that would be payable to the Labor and Workforce Development Agency.

* * * * * * *

**7.     Section 9A – Contract Administration**

*The parties agree to modify the maximum Contract Administration contribution from $0.10 to $0.12 as follows:*

Section 9A     Contract Administration

AGC _EK_     NCDCL **ODLT**
AGC _N_     AGC _PAB_



AGC
CALIFORNIA

 1  A trust fund entitled "The Contract Administration Trust Fund" shall be used to provide
 2  compensation to the Employer for negotiations and administration of the provisions of this
 3  Agreement, including Section 9, for the Industry.   Effective June 27, 2022, each signatory
 4  employer shall contribute the sum of ten cents ($.10) per hour worked or paid for to the Contract
 5  Administration Trust Fund.  At the discretion of the Trustees of said Trust, contributions to the
 6  Contract Administration Trust Fund may be increased up to an additional four ($.04) cents per
 7  hour during the term of this Agreement.  Such increase or increases are to be effective on such
 8  dates as determined by the Trustees.  The contributions into the Contract Administration Trust
 9  Fund shall not exceed twelve cents ($0.12) per hour for each hour paid for or worked.  The Trust
10  Fund shall be administered solely by Trustees selected by the Employer in accordance with a trust
11  agreement to be executed by the Employer.  The contributions as described above shall commence
12  with the work month following notice by the Laborers' Northern California Trust Fund
13  Corporation to the Individual Employers.  The Union shall have the right, not more than one (1)
14  time per year, to independently audit the Trust Fund.
15
16
17  8.     Section 10 – Payment of Wages
18
19  *The parties agree to add reporting requirements in pay stub information in accordance with State*
20  *and Federal laws.*
21
22         B.      Each employee shall be given a statement with the Individual Employer's name
23         and address, itemizing the employee's gross amount earned, hours worked, Social
24         Security tax, withholding tax and all other deductions, in accordance with State and
25         Federal Law, also a statement of hours applicable to Health and Welfare, Pension/Annuity,
26         Vacation Holiday Dues Supplement and Training-Retraining/Apprenticeship Plans.

AGC ___   NCDCL ODLT
AGC ___   AGC ___



9.    **Section 11 – Subcontractors**

*The parties agree to modify notice requirements regarding subcontracts as follows:*

**Section 11 – Subcontractors**

The Individual Employer will give written notice to the Union of any subcontract involving the performance of work covered by this Agreement no later than the first day on which the subcontractor has workers employed on the job, and shall specify the name and address of the subcontractor. Written notice at a pre-job conference shall be deemed written notice under this provision for those subcontractors listed at the pre-job only. Notification to the Union of any subcontractor not listed in writing at the pre-job must still be given in accordance with this paragraph.

**ADD:** *Minimum hours for attending safety meetings or completing paperwork*

5.    Minimum Hours:

(a)    From April 1 to November 14, the hours of employment shall be reckoned by the day and half day. From November 15 to March 31, the hours of employment shall be reckoned by the day, three-quarter day and half day. The fraction of a half or three quarter day to be paid for as a half or three-quarter day. Overtime hours, Monday through Friday, shall be reckoned by the hour and half hour. If after work is begun, work is suspended on account of weather conditions, not less than four (4) hours (or five [5] hours on a four-ten [4 x 10] shift) at the applicable rate shall be paid for work performed and any time thereafter shall be reckoned by the hour. For new dispatches, minimum hours of not less than four (4) hours (or five [5] hours on a four-ten [4 x 10] shift) at the applicable rate, including fringe benefits, shall be paid for attending safety meetings or for completing paperwork. An individual who is dispatched and is required to undergo pre-employment testing shall be compensated for the actual time spent for pre-employment testing at the applicable rate, not less than four (4) hours (or five [5] hours on a four-ten [4x10] shift). An individual who fails pre-employment testing will not be compensated.

* * * * * * *

10.    **Section 23 – Recognized Holidays**

*The parties agree that when a recognized holiday falls on a Saturday, then that holiday will be observed on the preceding Friday.*

The following days are recognized as holidays: Every Saturday and Sunday in the year, except as otherwise provided herein: New Year's Day, President's Day, Memorial Day, Fourth of July, Labor Day, Thanksgiving, Day After Thanksgiving Day and Christmas Day.

If any of the above holidays falls on Sunday, the Monday following shall be considered a holiday. If any of the above holidays falls on a Saturday, that holiday shall be observed on the preceding Friday.

| AGC _FK_ | NCDCL _PDLT_ |
|----------|--------------|
| AGC _PL_ | AGC _AB_ |



**11.**   **Section 28A – Health and Welfare Plan, Pension/Annuity Plan, Vacation Holiday Dues Supplement Plan, Training-Retraining/Apprenticeship Plan**

*The parties agree to delete all references to Retiree Health and Welfare under Section 28A Plan.*

\* \* \* \* \* \* \*

**ADD: Electronic Remittances**

Effective July 1, 2023 - Employer remittances of hourly contributions for all fringe benefits required under Section 28 shall be transmitted via an electronic employer portal to the Northern California Laborers Trust Funds. Exceptions shall be granted on a case-by-case basis to individual employers. The parties mutually acknowledge the intent is to move all employer fringe contribution payments from paper transmittals of monthly remittances to an electronic remittance format, in a timely effective and efficient process for all parties.

\* \* \* \* \* \* \*

**ADD: Up to 195 hours basis for fringe benefit contributions**

The Union and the Employer agree that the Individual Employers covered by the Master Agreement may continue the coverage of their supervisory personnel above the rank of General foreman in the Laborers' Health & Welfare Trust Fund for Northern California, the Laborers' Pension/Annuity Trust Fund for Northern California, the Laborers' Vacation Holiday Dues Supplement Trust Fund for Northern California, the Laborers' Training-Retraining/Apprenticeship Trust Fund for Northern California by paying into all Trusts monthly on the basis of one hundred seventy (170) hours, per month in accordance with the schedules set forth in the Master Agreement, regardless of the hours worked by any employee in a month, provided, however, the Individual Employer having made one (1) payment on an employee shall continue to make such a payment so long as the employee is in his/her employ. As an option, contributions to the Laborers' Pension/Annuity Trust Fund for Northern California and the Laborers' Vacation Holiday Dues Supplement Trust Fund for Northern California may be made on the basis of one hundred ninety-five (195) hours per month, and contributions to the Laborers' Health and Welfare Trust Fund for Northern California and the Laborers' Training–Retraining/Apprenticeship Trust Fund for Northern California may be made on the basis of one hundred seventy (170) hours per month regardless of the hours worked by any such employee in a month.

\* \* \* \* \* \* \*

*The parties agree to add language waiving existing and future paid sick leave ordinances.*

This Agreement shall waive any and all provisions of the Healthy Workplaces Healthy Family Act of 2014, San Francisco Paid Sick Leave Ordinance, San Francisco Administrative Code Section 12W, the City of Emeryville Ordinance No. 15-004, Municipal

| AGC _BK_ | NCDCL _RDLT_ |
| AGC _BK_ | AGC _BW_ |



1    Code Section 5.92.030 and the City of Berkeley Paid Sick Leave Ordinance, adding
2    Municipal Code Chapter 13.100, and shall supersede and be considered to have fulfilled
3    all requirements of said Ordinances/Codes as presently written and/or amended during
4    the life of this Agreement.
5
6    In addition, to the fullest extent permitted by law, this waiver shall apply to any other
7    federal, state, city, county, or other local ordinance requiring mandatory paid sick leave
8    that is current in effect or may be adopted during the term of this Agreement.
9    If any federal, state, city, county, or other local ordinance requiring mandatory
10   compensated time off other than Paid Sick Leave is enacted during the term of this
11   Agreement, then the Union and the Employer agree to meet and confer within thirty (30)
12   business days.
13
14   This Agreement shall also waive the San Francisco Paid Parental Leave Ordinance, San
15   Francisco Police Code Article 33H (Section 330H.1 through 3300H.14), the Berkeley
16   Family Friendly and Environment Friendly Workplace Ordinance (Berkeley Municipal
17   Code, Chapter 13.101) and the City of San Jose's Opportunity to Work Ordinance.
18   In addition, this waiver shall apply to any other federal, state, city, county or other local
19   laws or ordinances containing requirements to allow paid parental leave similar to those
20   requirements found in the San Francisco Paid Parental Leave Ordinance, laws or
21   ordinances containing requirements to allow employees to request flexible or predictable
22   working arrangements similar to those found in the Berkeley Family Friendly and
23   Environment Friendly Workplace Ordinance and laws and or ordinances containing
24   requirements to offer additional work hours to part time employees before hiring new
25   employees similar to those found in the San Jose Opportunity to Work Ordinance that is
26   currently in effect or may be adopted during the term of the Agreement.
27
28   Any disputes concerning the validity of these waivers shall be subject solely and
29   exclusively to the grievance procedures set forth in this Agreement.
30
31   **12.    Section 28D – Supplemental Dues**
32
33        **ADD:** *"or an amount as determined by the Union"*
34
35   Effective July 1, 2013, for all work performed, upon authorization as required by law, the amount
36   of ninety-one cents ($0.91), or an amount as determined by the Union, per hour for each hour
37   paid or worked, shall be transmitted from the Vacation-Holiday benefit of each laborer and shall
38   be remitted directly to the Union.
39
40   **13.    Section 28E – Wage and Fringe Benefit Increase**
41
42        **Modify:** *Modify Section 28E to reflect an additional annuity contribution of $0.50 for*
43        *Employers who do not sign the early extension or if an early extension is not reached by*
44        *June 29, 2026.*
45
46   *** If an early extended Agreement is negotiated prior to June 29, 2026, Individual
47   Employers who do not extend said Agreement shall be subject to an additional fifty cents
48   ($0.50) per hour increase, effective June 29, 2026, for a total increase of three dollars and

Page 9 of 11

| AGC _EK_ | NCDCL ODLT |
| AGC _PL_ | AGC _PdB_ |



1    fifteen cents ($3.15).  If an early extended Agreement is not negotiated prior to June 29,
2    2026, the total increase on June 29, 2026, shall be three dollars and fifteen cents ($3.15.)

* * * * * * *

**14.    Classifications**

Parties agree to add new classifications to the following categories:

**Construction Specialist:**
Stand-on/Stand-behind Stump Grinder

**Group 1**
Air Barrier Installation, Liquid and Sheet
Biohazard Cleanup Worker
Fire Debris Cleanup
Paved-in-Place Polyurethane/Track Resurfacing
Stand-on Skid Steer
Trenchless Technology Laborer – Pipe Installation, bursting, relining, potholing, or
similar Trenchless Laborers' Work, including camera controller, cctv, and truck or trailer
mounted vacuum excavators.

**Group 3**
Solar Panel Cleaner

**15.    Double Time after 12 Hours**

Parties agree to overtime pay employees the rate consistent under applicable State Law for all
hours worked after 12 hours.

**4.    Weekends and Holidays:**

One and one-half (1 ½) times the regular straight time hourly rate shall be paid for all work
on Saturdays (except make up day) and before a shift begins and after it ends. Double
the regular straight time hourly rate shall be paid for all work on Sundays, Holidays and
as provided for by state law. On two shift operations, Laborers working a complete second
shift of shift work on Saturdays, Sundays and holidays shall be paid eight (8) hours of pay
at the appropriate overtime rate for eight (8) hours of work. For work on Saturdays,
Sundays and holidays on a three (3) shift operation Laborers working a complete second
shift shall be paid eight (8) hours of pay at the appropriate overtime rate for seven and
one-half (7 ½) hours of work. Laborers working a complete third shift shall be paid eight
(8) hours of pay at the appropriate rate for seven (7) hours of work.

* * * * * * *

**16.    Training**

Parties agree to implement a tracking system that would list Labor or Management provided
training, and any other training certification, that would make qualification assessment easier.

AGC _____    NCDCL _____
AGC _____    AGC _____



* * * * * * *

**17.   Arbitrator**

*Parties agree to replace the arbitrator from Katherine Thompson to Robert Hirsch.*

* * * * * * *

**18.   Economics**

       **June 27, 2022 - $2.00 (to be allocated by the Union)**
       **June 26, 2023 - $2.50 (to be allocated by the Union)**
       **July 1, 2024 - $2.60 (to be allocated by the Union)**
       **June 30, 2025 - $2.65 (to be allocated by the Union)**
       **June 29, 2026 - $2.65 (to be allocated by the Union)**

* * * * * * *

**19.   Labor Foreman Premium Pay**

*Parties agree that Effective June 27, 2022, Labor Foremen shall receive three dollars ($3.00) per hour above the highest paid classification covered in this Agreement working under his/her direction. Effective June 26, 2023, Labor Foremen shall receive ten percent (10%) above the highest paid classification covered in this Agreement working under his/her direction.*

* * * * * * *

**NORTHERN CALIFORNIA DISTRICT
COUNCIL OF LABORERS**

DATE:

07 / 12 / 22

Oscar De La Torre, *Business Manager*

**ASSOCIATED GENERAL CONTRACTORS
OF CALIFORNIA, INC.**

DATE:

*Bill Koponen*
Bill Koponen (Jul 12, 2022 15:07 PDT)

Jul 12, 2022

Bill Koponen, *Syblon-Reid*

*Darren Leary*
Darren Leary (Jul 12, 2022 15:18 PDT)

Jul 12, 2022

Darren Leary, *Hensel Phelps Const. Co.*

*Patrick W Baker*
Patrick W Baker (Jul 12, 2022 15:24 PDT)

Jul 12, 2022

Patrick Baker, *AGC of California*

Page 11 of 11

AGC ___   NCDCL ODLT
AGC ___   AGC ___